UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| BOBBY WARNER, | ) |
| Plaintiff, | ) |
| v. | ) 24-3138 |
| BRUCE KETTLEKAMP, *et al.* | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently detained at Macon County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that he was detained at the Christian County Jail from May 2022 until March 2024. Plaintiff alleges that Christian County officials failed to offer services or clergyman so that he could practice his Christian faith. Plaintiff alleges that he transferred to Adams County Jail in March 2024, and that officials at that facility failed to provide religious services as well.

Only injunctive relief is available under the Religious Land Use and Institutionalized Persons Act (RLUIPA). 42 U.S.C. § 2000cc–1(a); *Sossamon v. Texas*, --- U.S. ---, 131 S. Ct. 1651, 1663 (2011) (holding that States do not consent to waiver of their sovereign immunity to private suits for money damages under RLUIPA); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009) (damages not available under RLUIPA for claims against officials in their individual capacities). Because Plaintiff is no longer detained at either facility, his RLUIPA claims are moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("If a prisoner is transferred to another prison, his request for injunctive relief is moot unless he can demonstrate that he is likely to be retransferred.").

Plaintiff may be able to state a First Amendment free exercise claim, but his allegations against each set of jail officials do not arise out of the same transaction, occurrence, or series of transactions and occurrences, and, therefore, joinder of these claims in the same lawsuit is not appropriate. Fed. R. Civ. P. 20(a); *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022) (recommending that district courts resolve whether joinder is proper under Fed. R. Civ. P. 20 before considering the merits).

Plaintiff's complaint is dismissed with leave to amend as directed below to permit Plaintiff the opportunity to clarify the claims he seeks to pursue in an amended complaint. *Dorsey*, 55 F.4th at 1107 ("We suggest a district court faced with misjoined claims begin…by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem."). Plaintiff may proceed only against Christian County officials or Adams County officials in this lawsuit, but not both. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules

for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint.").

**Motion to Request Counsel (Doc. 7)**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, with prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Clerk is directed to send Plaintiff a blank complaint form.**

2) **Plaintiff's Motion [7] is DENIED with leave to renew.**

Entered this 2nd day of October, 2024.

                              *s/Sara Darrow*
                              SARA DARROW
                              CHIEF U.S. DISTRICT JUDGE